Argued and submitted May 9, affirmed October 26, 1988

In the Matter of the Compensation of
Keith W. Summey, Claimant.
SUMMEY,
*Petitioner,*

*v.*

AUTO BODY SPECIALIST et al,
*Respondents.*

(WCB 86-09560; CA A46065)

763 P2d 405

Thomas Cary, Eugene, argued the cause for petitioner. With him on the brief was Coons & Cole, P.C., Eugene.

Mildred J. Carmack, Portland, argued the cause for respondents. On the brief were Allan M. Muir, Roger A. Luedtke and Schwabe, Williamson & Wyatt, Portland.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

WARREN, P. J.

## WARREN, J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's determination that he did not have good cause for filing an untimely request for hearing on Safeco's denial of his claim. Claimant contends that there is evidence from which it must be found that, in not filing his request for hearing on Safeco's denial, he was relying on a representation by a SAIF employe that SAIF would accept the claim and that that reliance constitutes good cause. Without deciding whether reliance on a representation by SAIF could, as a matter of law, constitute good cause for not filing a request for hearing on Safeco's denial, we hold that there is substantial evidence on the whole record to support the Board's finding that claimant did not, in fact, rely on that representation. We affirm. ORS 183.482.

Claimant injured his back in December, 1985, when he was working for Safeco's insured. He filed the claim in early January, 1986, and Safeco denied responsibility on February 28, 1986:

> "In summary, from the medical information we received, your present condition is due to an accident on the job with Auto Body Specialist on or about September 20, 1984, and your alleged reinjury of December 30, 1985, is merely an aggravation of your preexisting condition. Therefore, on behalf of your employer * * * your claim is respectfully denied. I will forward the medical information we have on file to SAIF Corporation to put them on notice, which may constitute a claim for benefits with them. However, you may wish to contact them."

Safeco forwarded the medical records to SAIF on March 3, 1986, and SAIF denied the claim on May 28, 1986.

Claimant testified that the alleged conversation on which he relied took place in June, 1986, and, he thought, before SAIF had denied the claim. Lundeen, a SAIF claims examiner, allegedly told claimant that he would not need to appeal the Safeco denial, because SAIF would probably accept the claim. The record shows that claimant received SAIF's denial on May 30, 1986. Even if, as claimant testified, the conversation with Lundeen took place before SAIF's denial, and not, as claimant also testified, in June, 1986, that evidence

still does not place the conversation before April 29, the 60th day after Safeco's denial.

The record shows that, on March 24, 1986, Lundeen spoke with claimant's treating chiropractor, who told him that claimant's present condition was the result of a new injury. Claimant contends that the only possible finding, therefore, is that Lundeen would have told claimant after March, 1986, that SAIF would accept the claim and that it, therefore, must be found that the representation by Lundeen took place before that date. Although the evidence shows that Lundeen had information on March 24, 1986, that the claim was not SAIF's responsibility, it does not require the finding that claimant's conversation with Lundeen took place before that date.

Without deciding whether representations by SAIF could constitute good cause for failing to seek a hearing on Safeco's denial, we hold that there is substantial evidence on the whole record to support the Board's finding that the conversation with Lundeen took place more than 60 days after Safeco's denial and that claimant could not have relied on it in failing to file a request for hearing.

Claimant contends that he relied on representations made by Safeco in its denial that the claim would be compensable by SAIF. Safeco's denial did not represent that the claim would be compensable by SAIF. We hold, as a matter of law, that claimant could not have relied on it in filing a late request for hearing.

Affirmed.